## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARIS D'EMILIO, *on behalf of herself and those similarly situated,*<br>127 Greycourt Road<br>Philadelphia, PA 19115<br><br>and<br><br>SANDRA RONALDO, *on behalf of herself and those similarly situated,*<br>21 Thornridge Drive<br>Levittown, PA 19054<br><br>Plaintiffs,<br><br>v.<br><br>OSBORNE ASSOCIATES INC. D/B/A GENERATIONS SALON SERVICES<br>200 Lakeside Drive<br>Horsham, PA 19044<br><br>and<br><br>MARVIN WEINSTEIN<br>c/o OSBORNE ASSOCIATES INC. D/B/A GENERATIONS SALON SERVICES<br>200 Lakeside Drive<br>Horsham, PA 19044<br><br>Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID MINIMUM WAGE AND OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID MINIMUM WAGE AND OVERTIME UNDER THE PMWA, FAILURE TO PAY WAGES UNDER THE PWPCL, AND BREACH OF CONTRACT UNDER STATE COMMON LAW<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Named Plaintiffs Paris D'Emilio and Sandra Ronaldo (hereinafter collectively referred to as "Named Plaintiffs"), on behalf of themselves and those similarly situated, by and through undersigned counsel, hereby complain as follows against Defendants Osborne Associates Inc.

1

d/b/a Generations Salon Services and Marvin Weinstein (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1. Named Plaintiffs have initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL"), and state common law. Named Plaintiffs assert that Defendants failed to pay the minimum wage to them and other similarly situated individuals in violation of the FLSA and PMWA. Named Plaintiff D'Emilio further asserts that Defendants failed to pay proper overtime wages to her and other similarly situated individuals in violation of the FLSA and PMWA. Named Plaintiffs also assert that Defendants unlawfully failed to pay contractually owed wages to them and other similarly situated individuals in violation of the PWPCL and state common law. As a result of Defendants' unlawful actions, Named Plaintiffs and those similarly situated have suffered damages.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has jurisdiction over the state law claims because they are supplemental to the underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff Paris D'Emilio (hereinafter "Named Plaintiff D'Emilio") is an adult individual with an address as set forth above.

8. Named Plaintiff Sandra Ronaldo (hereinafter "Named Plaintiff Ronaldo") is an adult individual with an address as set forth above.

9. Defendant Osborne Associates Inc. d/b/a Generations Salon Services (hereinafter "Defendant Generations") is a company that operates in Pennsylvania and is located at the address as set forth above.

10. Defendant Marvin Weinstein (hereinafter "Defendant Weinstein") is an adult individual and the owner and CEO of Defendant Generations.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

12. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

13. In addition to bringing this action individually, Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29

U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as Hair Dressers, Stylists, Cosmetologists, or in other positions subject to Defendants' failure to pay the minimum wage as described herein and who worked for Defendants anywhere in the United States at any point during the time period from three years preceding the date the instant action was initiated through the present (members of this putative class are referred to as "Collective Plaintiffs").

14. Named Plaintiff D'Emilio also brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of herself and a sub-class of Collective Plaintiffs consisting of all persons presently and formerly employed by Defendants as Hair Dressers, Stylists, Cosmetologists, or in other positions subject to Defendants' failure to pay overtime wages as described herein and who worked for Defendants anywhere in the United States at any point during the time period from three years preceding the date the instant action was initiated through the present (members of this putative class are referred to as "Overtime Collective Plaintiffs").

15. Named Plaintiffs and Collective Plaintiffs are similarly situated, were subject to substantially similar pay provisions and are all subject to Defendants' unlawful policies and practices as discussed *infra*.

16. There are numerous similarly situated current and former employees of Defendants who were improperly compensated for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

17. Similarly situated employees (i.e. Collective Plaintiffs) are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

18. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS UNDER THE PENNSYLVANIA MINIMUM WAGE LAW

19. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

20. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs bring their claim for relief to redress Defendants' violations of the PMWA on behalf of themselves and those similarly situated.

21. Specifically, Named Plaintiffs seek to represent a class of all individuals who worked or work for Defendants as Hair Dressers, Stylists, Cosmetologists, and other positions and who worked in Pennsylvania and were subject to Defendants' failure to pay the minimum wage as described herein and who worked for Defendants at any point during the time period from three years preceding the date the instant action was initiated through the present (members of this putative class are referred to as "PMWA Class Plaintiffs").

22. Named Plaintiff D'Emilio also seeks to represent a sub-class of Pennsylvania Class Plaintiffs who were subject to Defendants' failure to pay overtime at any point during the time period from three years preceding the date the instant action was initiated through the present (members of this sub class are also referred to as "Overtime PMWA Class Plaintiffs").

23. These classes are so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of each class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members in each class is over 40 individuals.

24. Named Plaintiffs' claims are typical of the claims of the PMWA Class Plaintiffs, because Named Plaintiffs, like all PMWA Class Plaintiffs, were employees of Defendants in Pennsylvania within the last three (3) years whom Defendants failed to pay minimum wage and/or overtime wages.

25. Named Plaintiffs will fairly and adequately protect the interests of the PMWA Class Plaintiffs because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

26. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

28. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Named Plaintiffs and PMWA

Class Plaintiffs were employees of Defendants under the PMWA and whether Defendants' failure to pay minimum wages and/or overtime wages violated the PMWA.

**CLASS ACTION ALLEGATIONS UNDER THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**

29. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

30. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs bring their claim for relief to redress Defendants' violations of the PWPCL on behalf of themselves and those similarly situated.

31. Specifically, Named Plaintiffs seek to represent a class of all individuals who worked or work for Defendants as Hair Dressers, Stylists, Cosmetologists, and other positions and who worked in Pennsylvania and were subject to the Defendants failure to pay all wages owed pursuant to their contracts, as discussed *infra,* at any point during the time period from three (3) years preceding the date the instant action was initiated through the present (members of this putative class are referred to as "PWPCL Class Plaintiffs").

32. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is over 40 individuals.

33. Named Plaintiffs' claims are typical of the claims of the PWPCL Class Plaintiffs, because Named Plaintiffs, like all PWPCL Class Plaintiffs, were/are employees of Defendants in Pennsylvania within the last three (3) years whom Defendants failed to pay owed wages.

34. Named Plaintiffs will fairly and adequately protect the interests of the PWPCL Class Plaintiffs because Named Plaintiffs' interests are coincident with, and not antagonistic to,

those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

35. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

37. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Named Plaintiffs and PWPCL Class Plaintiffs were employees of Defendants under the PWPCL, whether Defendants' failure to pay owed wages violated the PWPCL, and whether Defendants willfully violated the PWPCL.

## CLASS ACTION ALLEGATIONS UNDER THE STATE COMMON LAW (BREACH OF CONTRACT)

38. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

39. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs bring their claim for relief to redress Defendants' violations of state common law on behalf of themselves and those similarly situated.

40. Specifically, Named Plaintiffs seek to represent a class of all individuals who worked or work for Defendants as Hair Dressers, Stylists, Cosmetologists, and other positions and who worked in the United States and were subject to the Defendants failure to pay all wages owed pursuant to their contracts, as discussed *infra,* at any point during the time period from three (3) years preceding the date the instant action was initiated through the present (members of this putative class are referred to as "Breach Class Plaintiffs").

41. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is over 40 individuals.

42. Named Plaintiffs' claims are typical of the claims of the Breach Class Plaintiffs, because Named Plaintiffs, like all Breach Class Plaintiffs, within the last three (3) years, had contracts with Defendants requiring Defendants to pay them commissions based on a percentage for services rendered to Defendants' clients and whom Defendants failed to pay owed money pursuant to said contracts.

43. Named Plaintiffs will fairly and adequately protect the interests of the Breach Class Plaintiffs because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

44. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

46. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Named Plaintiffs and Breach Class Plaintiffs had a contract with Defendants and whether Defendants breached their contracts by failing to pay them all money owed pursuant to the contracts.

### Collective Reference to Putative Classes

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. The members of all the above-defined putative classes (i.e., Collective Plaintiffs, Overtime Collective Plaintiffs, PMWA Class Plaintiffs, Overtime PMWA Class Plaintiffs, PWPCL Class Plaintiffs, and Breach Class Plaintiffs) collectively shall be referred to as "All Class Plaintiffs."

### FACTUAL BACKGROUND

49. The foregoing paragraphs are incorporated herein as if set forth in full.

50. Named Plaintiff D'Emilio worked for Defendants as a Hair Dresser for approximately eight (8) years until on or around October 6, 2017.

51. From in or around March 2014 until December 1, 2017, Named Plaintiff Ronaldo worked for Defendants as a Hair Dresser.

52. All Class Plaintiffs worked/work for Defendants as Hair Dressers, Stylists, or Cosmetologists.

53. Named Plaintiffs signed contracts titled "Osborne Associates Inc. D/B/A/ Generations Salon Services Employee Agreement," which identifies the Named Plaintiffs as being an "employee" 26 times.

54. Collective Plaintiffs, PMWA Class Plaintiffs, and PWPCL Class Plaintiffs signed contracts titled "Osborne Associates Inc. D/B/A/ Generations Salon Services Employee Agreement," which identifies them as being an "employee" 26 times.

## Failure to Pay the Minimum Wage
### (Named Plaintiffs, Collective Plaintiffs, and PMWA Class Plaintiffs v. Defendants)

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Defendants failed to pay Named Plaintiff D'Emilio any compensation for several weeks in which she performed work during September and October 2017.

57. Defendants failed to pay Named Plaintiff Ronaldo any compensation for approximately 15 weeks in which she performed work during the fall of 2017.

58. Accordingly, Defendants failed to pay Named Plaintiffs the minimum wage under the FLSA and the PMWA for said workweeks.

59. Defendants failed to pay Collective Plaintiffs and PMWA Class Plaintiffs any compensation for at least one workweek during the last three (3) years.

60. Accordingly, Defendants failed to pay Collective Plaintiffs and PMWA Class Plaintiffs the minimum wage under the FLSA and PMWA for all hours worked.

61. As a result of Defendants' aforesaid illegal actions, Named Plaintiffs, Collective Plaintiffs, and PMWA Class Plaintiffs have suffered damages.

### Named Plaintiff D'Emilio, Collective Plaintiffs, and PMWA Class Plaintiffs Were Non-Exempt Employees Under the FLSA and PMWA

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. At no time did Named Plaintiff D'Emilio hire or fire any employees of Defendants.

64. At no time did Overtime Collective Plaintiffs or Overtime PMWA Class Plaintiffs hire or fire any employees of Defendants.

65. At no time did Named Plaintiff D'Emilio supervise any employees of Defendants.

66. At no time did Overtime Collective Plaintiffs or Overtime PMWA Class Plaintiffs supervise any employees of Defendants.

67. At no time did Named Plaintiff D'Emilio exercise discretion or independent judgment over matters of significance on behalf of Defendants.

68. At no time did Overtime Collective Plaintiffs or Overtime PMWA Class Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

69. Accordingly, Named Plaintiff D'Emilio, Overtime Collective Plaintiffs, and Overtime PMWA Class Plaintiffs were/are, within the meaning of the FLSA and/or the PMWA, non-exempt hourly employees of Defendants.

### Failure to Pay Overtime Wages for All Overtime Hours Worked
### (Named Plaintiff D'Emilio, Overtime Collective Plaintiffs, and Overtime PMWA Class Plaintiffs v. Defendants)

70. The foregoing paragraphs are incorporated herein as if set forth in full.

71. Within the three (3) years preceding the filing of the instant complaint, Named Plaintiff D'Emilio worked over 40 hours in a workweek during at least five (5) different workweeks.

72. However, at no time did Defendants pay Named Plaintiff D'Emilio any overtime compensation for the hours she worked over 40 hours in a workweek.

73. Overtime Collective Plaintiffs and Overtime PMWA Class Plaintiffs worked over 40 hours in a workweek during at least one workweek within the three years preceding the filing of the instant complaint.

74. However, at no time did Defendants pay Overtime Collective Plaintiffs or Overtime PMWA Class Plaintiffs any overtime compensation for the hours they worked over 40 hours in a workweek.

75. As a result of Defendants' aforesaid illegal actions, Named Plaintiff D'Emilio, Overtime Collective Plaintiffs, and Overtime PMWA Plaintiffs have suffered damages.

### Failure to Pay Contractually Owed Wages
**(Named Plaintiffs, PWPCL Class Plaintiffs, and Breach Class Plaintiffs v. Defendants)**

76. The foregoing paragraphs are incorporated herein as if set forth in full.

77. Pursuant to the contracts between Named Plaintiffs and Defendants, Defendants owed Named Plaintiffs 55% of the invoice charged to each customer for Named Plaintiffs' services.

78. However, Defendants have failed to pay Named Plaintiffs for several weeks' worth of invoices.

79. Specifically, Defendants owes Named Plaintiff D'Emilio and Named Plaintiff Ronaldo approximately $2,200 and $4,870 in unpaid wages, respectively.

80. Pursuant to the contracts between Defendant and the PWPCL and Breach Class Plaintiffs, Defendants agreed to pay the PWPCL and Breach Class Plaintiffs a percentage of the invoice charged to each customer for their services.

81. Defendants have failed to pay PWPCL and Breach Class Plaintiffs owed wages pursuant to their agreements with Defendants to pay a percentage of each invoice.

82. As a result of Defendants' aforesaid illegal actions, Named Plaintiffs, PWPCL Class Plaintiffs, and Breach Class Plaintiffs have suffered damages.

## COUNT I
### Fair Labor Standards Act ("FLSA")
**(Failure to pay Minimum Wage)**
**(Named Plaintiffs and Collective Plaintiffs v. Defendants)**

83. The foregoing paragraphs are incorporated herein as if set forth in full.

84. At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

85. At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

86. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiffs and Collective Plaintiffs.

87. Under the FLSA, an employer must pay an employee at least $7.25 for all hours worked in a workweek.

88. Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiffs and Collective Plaintiffs the minimum wage for all hours worked.

89. Defendants' conduct in failing to pay Named Plaintiffs and Collective Plaintiffs the minimum wage was/is willful and was/is not based upon any reasonable interpretation of the law.

90. As a result of Defendants' unlawful conduct, Named Plaintiffs and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Fair Labor Standards Act ("FLSA")
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff D'Emilio and Overtime Collective Plaintiffs v. Defendants)**

91. The foregoing paragraphs are incorporated herein as if set forth in full.

92. At all times relevant herein, Named Plaintiff D'Emilio and Overtime Collective Plaintiffs were employed with Defendants as "non-exempt employees" within the meaning of the FLSA.

93. Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his or her regular rate for each hour worked over forty (40) hours per workweek.

94. Defendants' violations of the FLSA include not paying Named Plaintiff D'Emilio and Overtime Collective Plaintiffs at least one and one-half times their regular rate for hours worked over forty (40) hours in a workweek.

95. Defendants' conduct in failing to pay Named Plaintiff D'Emilio and Overtime Collective Plaintiffs proper overtime wages was/is willful and was/is not based upon any reasonable interpretation of the law.

96. As a result of Defendants' unlawful conduct, Named Plaintiff D'Emilio and Overtime Collective Plaintiffs have suffered damages as set forth herein.

## COUNT III
### Pennsylvania Minimum Wage Act ("PMWA")
**(Failure to pay Minimum Wage)**
**(Named Plaintiffs and PMWA Class Plaintiffs v. Defendants)**

97. The foregoing paragraphs are incorporated herein as if set forth in full.

98. At all times relevant herein, Defendants have and continue to be employers within the meaning of the PMWA.

99. At all times relevant herein, Named Plaintiffs and PMWA Class Plaintiffs were employed with Defendants as "employees" within the meaning of the PMWA.

100. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiffs and PMWA Class Plaintiffs.

101. Under the PMWA, an employer must pay an employee at least $7.25 for all hours worked in a workweek.

102. Defendants' violations of the PMWA include not paying Named Plaintiffs and PMWA Class Plaintiffs at least the minimum wage for all hours worked.

103. As a result of Defendants' unlawful conduct, Named Plaintiffs and PMWA Class Plaintiffs have suffered damages as set forth herein.

**COUNT IV**
**Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff D'Emilio and Overtime PMWA Class Plaintiffs v. Defendants)**

104. The foregoing paragraphs are incorporated herein as if set forth in full.

105. At all times relevant herein, Named Plaintiff D'Emilio and Overtime PMWA Class Plaintiffs were employed with Defendants as "non-exempt employees" within the meaning of the PMWA.

106. Under the PMWA, an employer must pay a non-exempt employee at least one and one-half times his or her regular rate for each hour worked over forty (40) hours per workweek.

107. Defendants' violations of the PMWA include not paying Named Plaintiff D'Emilio and Overtime PMWA Class Plaintiffs at least one and one-half times their regular rate for hours worked over forty (40) hours in a workweek.

108. As a result of Defendants' unlawful conduct, Named Plaintiff D'Emilio and Overtime PMWA Class Plaintiffs have suffered damages as set forth herein.

## COUNT V
### Pennsylvania Wage Payment and Collection Law ("PWPCL")
(Named Plaintiffs and PWPCL Class Plaintiffs v. Defendants)
(Failure to Pay Wages)

109. The foregoing paragraphs are incorporated herein as if set forth in full.

110. At all times relevant herein, Defendants stand/stood in an employer/employee relationship with Named Plaintiffs and PWPCL Class Plaintiffs under the PWPCL.

111. At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiffs and PWPCL Class Plaintiffs.

112. Defendants violated the PWPCL by failing to pay all owed wages to Named Plaintiffs and PWPCL Class Plaintiffs pursuant to their contracts.

113. Defendants' conduct in failing to pay Named Plaintiffs and PWPCL Class Plaintiffs all owed wages was/is willful and was/is not based upon any reasonable interpretation of the law.

114. As a result of Defendants' conduct, Named Plaintiffs and PWPCL Class Plaintiffs have suffered damages as set forth herein.

## COUNT VI
### Violations of Common Law
(Named Plaintiffs and Breach Class Plaintiffs v. Defendants)
(Breach of Contract)

115. The foregoing paragraphs are incorporated herein as if set forth in full.

116. At all times relevant herein, Defendants and Named Plaintiffs and Breach Class Plaintiffs maintained a contractual relationship.

117. At all times relevant herein, Defendants are/were responsible for paying money to Named Plaintiffs and Breach Class Plaintiffs pursuant to their contracts.

118. Defendants violated the contracts by failing to pay all owed money to Named Plaintiffs and Breach Class Plaintiffs pursuant to the terms of their contracts.

119. As a result of Defendants' conduct, Named Plaintiffs and Breach Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and All Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of federal and state wage and hour laws and state common law;

(2) Defendants are to compensate, reimburse, and make Named Plaintiffs and All Class Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiffs and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(4) Named Plaintiffs and PWPCL Class Plaintiffs are to be awarded liquidated damages under the WPCL in an amount equal to 25% of the actual damages in this case;

(5) Named Plaintiffs, Collective Plaintiffs, PMWA Class Plaintiffs, and PWPCL Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(6) Named Plaintiffs and All Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

(7) The claims of Named Plaintiffs and All Class Plaintiffs are to receive a trial by jury.

Respectfully Submitted,

 /s/ Richard Swartz
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
Matthew D. Miller, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: March 12, 2018

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and All Class Plaintiffs' employment, to Named Plaintiffs' and All Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.